UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daniel L. Jones,

Plaintiff,

v.

Northwest Airlines, Inc.,

Defendant,

Civ. File No. 01-1657 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Plaintiff's Motion to Remand and to Compel Arbitration and Defendant's Motion to Dismiss. For the reasons that follow, the Court grants Defendant's Motion and denies Plaintiff's Motions as moot.

**BACKGROUND**

Plaintiff Daniel Jones was hired by Northwest Airlines ("Northwest") as a pilot in 1996. Pursuant to Northwest policy, for the first year of his employment, Jones was a probationary employee. When he was hired, Jones signed a document entitled "Conditions of Employment." The Conditions mandated that any dispute arising out of Jones' employment be subject to arbitration in Minnesota under the rules of the American Arbitration Association.

During Jones' probationary period, another Northwest employee raised a sexual harassment allegation against him. Northwest investigated, and the investigation allegedly revealed that Jones had lied on his application for employment at Northwest. Northwest then terminated Jones' employment.

FILED DEC 17 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD DEC 17 2001
DEPUTY CLERK

revealed that Jones had lied on his application for employment at Northwest. Northwest then terminated Jones' employment.

Jones brought a lawsuit in Alaska against the employee who complained of the harassment, her brother, and Northwest. In that lawsuit, Jones claimed that he was wrongfully terminated in contravention of the collective bargaining agreement ("CBA") between Northwest and the Air Line Pilots' Association ("ALPA"). Northwest removed the case to federal court in Alaska and sought dismissal of the claims against it, contending that the Railway Labor Act ("RLA"), 45 U.S.C. § 151 et seq., preempted Jones' claims and that the arbitration provisions of the CBA were Jones' sole remedy for the claims he asserted against Northwest.[1]

Meanwhile, ALPA brought suit in federal court in the District of Columbia, claiming that the arbitration clause in the Conditions of Employment violated Northwest's duty to negotiate with the union on matters related to "rates of pay, rules, or working conditions." RLA, 45 U.S.C. § 152 Seventh. The D.C. district judge enjoined Northwest from enforcing the arbitration clause as to probationary pilots.

While the judge in Alaska was considering Northwest's motion to dismiss, the D.C. Circuit ruled on Northwest's appeal of the D.C. judge's injunction. Air Line Pilots Ass'n, Int'l v. Northwest Airlines, Inc., 199 F.3d 477 (D.C. Cir. 1999), judgment reinstated, 211

[1] The CBA requires that all claims be submitted to arbitration before the System Board of Adjustment.

F.3d 1312 (D.C. Cir.), and cert. denied, 531 U.S. 1011 (2000) ("ALPA v. Northwest"). The court of appeals found that the Conditions did not violate the RLA, and that Northwest could enter into contracts requiring arbitration with individual pilots. Significantly, the court noted that the arbitration clause at issue did not cover the same claims covered by the arbitration clause in the CBA. Rather, the court stated that the Conditions covered only an employee's statutory claims, such as claims of employment discrimination under the Minnesota Human Rights Act, Title VII, the Americans with Disabilities Act, or the like. ALPA v. Northwest, 211 F.3d at 480.

Several months after the decision in ALPA v. Northwest, the Alaska court rendered its opinion. That court dismissed Jones' claims against Northwest for lack of jurisdiction, finding that these claims were the subject of mandatory arbitration under the CBA. Jones v. Keith, No. A99-0069 CV (D. Alaska Apr. 4, 2000). Jones did not appeal the decision.

Shortly after the Alaska court issued its decision, Jones sought arbitration in Minnesota of his claims of wrongful termination. Northwest initially participated in the arbitration. According to Northwest, once it discovered that the claims Jones sought to arbitrate were the same claims as those he raised in Alaska and were not statutory employment discrimination claims, it withdrew its consent to arbitration. Jones then brought a motion to compel arbitration in Minnesota state court. After Northwest removed that motion to this Court, Jones filed the instant motion seeking a remand to state court and again seeking an order compelling Northwest to arbitrate. Northwest opposes Jones' motion, and

asks this Court to dismiss the Complaint on the grounds of collateral estoppel, judicial estoppel, laches, and waiver.

**DISCUSSION**

Although there are three separate Motions before the Court, the issues raised in the Motions are intertwined. Principles of federal preemption and collateral estoppel implicate the relief sought by both parties. Thus, if the Court finds that Jones' claims are preempted and/or that collateral estoppel precludes him from relitigating issues decided by the Alaska court, the Court must grant Northwest's Motion to Dismiss and deny Jones' Motion to Remand and Compel Arbitration.

In his Motion to Remand, Jones argues that the claim he raises in this action is not preempted by the RLA because it is a claim involving rights that exist independently of the CBA. See Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 256 (1994); Espinal v. Northwest Airlines, 90 F.3d 1452, 1456 (9th Cir. 1996). According to Jones, his claim in this action is a claim of entitlement to the arbitration provided for in the Conditions of Employment, not a claim for wrongful termination. Although Jones' entitlement to arbitration may be a "claim" in the broad sense, it is not a "claim" in the legal sense of a cause of action. The right to arbitrate does not exist independently but depends on one party asserting a cause of action against another. Thus, to determine whether the RLA preempts Jones' claims, the Court must look at the legal causes of action Jones intends to assert against Northwest, presumably causes of action arising out of his alleged wrongful termination. The distinction

Jones attempts to draw, between the "claim" for arbitration and any legal claims, is a red herring. In the preemption analysis, the Court must look at a plaintiff's underlying causes of action to determine whether those causes of action implicate a federal statute. See Hull v. Fallon, 188 F.3d 939, 942 (8th Cir. 1999), cert. denied, 528 U.S. 1189 (2000). Here, there is no doubt that any cause of action Jones raises for wrongful termination or the like implicates the CBA and therefore is preempted by the RLA.

Moreover, this precise issue was determined against Jones by the Alaska court, and, under the doctrine of collateral estoppel, Jones is precluded from relitigating the issue. Jones contends that collateral estoppel does not apply because the Alaska court did not consider the effect of the arbitration clause of the Conditions of Employment. The test for collateral estoppel, however, is not whether an issue was actually considered by the adjudicating body, but whether the estopped party had a "full and fair opportunity" to present that issue to the adjudicator. Mandich v. Watters, 970 F.2d 462, 465 (8th Cir. 1992) (quoting Kaiser v. Northern States Power Co., 353 N.W.2d 899, 902 (Minn.1984)). Jones argues that he did not present the Conditions of Employment argument to the Alaska court because the D.C. Circuit had not yet ruled on ALPA's challenge to that arbitration clause when the Alaska dispute was briefed. The court of appeals' initial decision in ALPA v. Northwest was decided months prior to the Alaska court's decision in Jones' case. Indeed, Jones sent a copy of the ALPA v. Northwest decision to the Alaska judge, but chose not to ask for more briefing on the subject or to ask for a stay while the en banc court considered the issues. Thus, Jones had

the opportunity to present argument about the Conditions of Employment's arbitration clause, but did not take advantage of that opportunity. His failure to do so does not prevent the application of collateral estoppel.

Because the RLA preempts any claim Jones may raise to challenge his termination[2] the Court must dismiss this action. Jones' only recourse is through the procedures set out in the CBA, namely arbitration before the System Board of Adjustment. As Jones notes, because he was a probationary employee at the time of his termination, the CBA provides that he is not entitled to a hearing before the System Board. Thus, a determination that he must pursue his remedies under the CBA necessarily means that he has no remedy. However, Northwest points out that in the CBA, ALPA negotiated very substantial remedies for senior pilots in exchange for eliminating some remedies for probationary pilots. Jones' employment was at-will, and unless he has a claim for employment discrimination or the like, he cannot challenge his termination.

**CONCLUSION**

Accordingly, for the foregoing reasons, and upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss (Clerk Doc. No. 10) is **GRANTED**; and

---

[2] The RLA would not preempt a claim for a violation of Title VII or another employment discrimination statute, but Jones has not suggested he is raising such claims here. Moreover, as Northwest points out, such claims would be grossly untimely in any event.

2. Plaintiff's Motion to Remand and to Compel Arbitration (Clerk Doc. No. 7) is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 14, 2001

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*